IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEFNIE HAWLEY, as Legal Guardian of THOMAS HAWLEY, <br><br> Plaintiff, <br><br> v. <br><br> BOARD OF TRUSTEES FOR THE OKLAHOMA COUNTY CRIMINAL JUSTICE AUTHORITY, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. CIV-25-151-SLP |

**O R D E R**

On July 3, 2025, the Court entered an Order [Doc. No. 50] directing Plaintiff to show cause no later than July 17, 2025, why this action should not be dismissed without prejudice as to Defendants John Does 1-5 and Jane Does 1-5 for failure to effect timely service of process pursuant to Fed. R. Civ. P. 4(m). As of this date, Plaintiff has not responded to the show cause order, nor has she requested an extension of time within which to do so. Accordingly, this action is subject to dismissal without prejudice for failure to effect timely service of process, and for failure to comply with the Federal Rules of Civil Procedure and this Court's Order. *See* Fed. R. Civ. P. 41(b); *Nasious v. Two Unknown B.I.C.E. Agents at Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1161 n. 2 (10th Cir. 2007) (sua sponte dismissal permitted where a plaintiff fails to comply with the rules of civil procedure or the court's orders).

Because Plaintiff has failed to respond to the Court's Order to Show Cause, she has failed to demonstrate good cause exists for granting a mandatory extension of the 90-day

time period set forth in Rule 4(m) within which to serve Defendant. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). The Court must further consider whether a permissive extension of time is warranted. *See id.; see also Murphy v. City of Tulsa*, 556 F. App'x 664, 666-69 (10th Cir. 2014). Factors for the Court to consider include whether the statute of limitations would bar the plaintiff from refiling the action, whether the plaintiff has unsuccessfully attempted to serve the United States, and whether the delay in service relates to the plaintiff's pro se status or confusion or delay in obtaining permission to proceed in forma pauperis. *See Espinoza*, 52 F.3d at 842 & n. 8.

Here, the United States is not a defendant, and Plaintiff is represented by counsel. Moreover, Plaintiff successfully served the named defendants in this action. *See* [Doc. Nos. 6–12]. Although it does appear Plaintiff may be time-barred from refiling some (if not all) of her claims, that factor alone is not dispositive. *See Gumm v. Fed. Bureau of Prisons*, No. CIV-06-866-R, 2007 WL 3312785, at *3 (W.D. Okla. Nov. 6, 2007) ("[T]he mere fact that the applicable limitations period has run does not make dismissal inappropriate."); *Valdez v. Chuwanti*, No. 122CV00003KWRJHR, 2022 WL 17093445, at *3 (D.N.M. Nov. 21, 2022) ("[T]he mere possibility of a statute of limitations bar does not establish good cause for failure to timely serve and does not preclude the Court from exercising its discretion to dismiss a case."); *Despain*, 13 F.3d at 1439 ("The fact that the statute of limitations has run, however, does not demonstrate good cause and does not make dismissal under Rule 4(j) inappropriate.").

Where the time to file an action has expired, "a dismissal without prejudice can have the practical effect of a dismissal with prejudice." *AdvantEdge Bus. Grp. v. Thomas*

*E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009). If the dismissal is effectively one with prejudice, courts consider criteria known as the "*Ehrenhaus* factors," which include: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Nasious*, 492 F.3d at 1162; *see also Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir.1992).

The first factor has little relevance as to the John and Jane Doe Defendants, but all the other factors suggest dismissal is warranted. As to the second factor, Plaintiff's failure to respond to the Court's Order impacts the Court's "ability to manage its docket and move forward with the cases before it, and it cannot do this if a party fails to respond to court orders." *Davis v. Miller*, 571 F.3d 1058, 1062 (10th Cir. 2009). With respect to the third factor, Plaintiff was expressly warned this action may be dismissed without further notice if she failed to show cause. Order [Doc. No. 50]. As to the fourth factor, Plaintiff is culpable for the failure to accomplish service (or show cause why she could not).

Finally, the Court finds that no sanction less than dismissal is practical under the circumstances. Absent any response from Plaintiff, the Court cannot ascertain whether she still intends to pursue claims against the John and Jane Doe Defendants, nor does the record suggest any other sanction would be appropriate. Considering all these factors together, the Court finds dismissal without prejudice is warranted, even if it is equivalent to dismissal with prejudice.

IT IS THEREFORE ORDERED that this action is DISMISSED WITHOUT PREJUDICE as to Defendants John and Jane Does 1-5 for failure to effect timely service pursuant to Fed. R. Civ. P. 4(m) and pursuant to Rule 41(b) for Plaintiff's failure to respond to the Court's Order to Show Cause.

IT IS SO ORDERED this 21st day of July, 2025.

*[signature]*
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE